UNITED STATES of America

v.

Kevin COOLBAUGH, Appellant.

No. 07–4751.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Nov. 19, 2010.

Opinion Filed: Nov. 22, 2010.

Todd K. Hinkley, Esq., William S. Houser, Esq., Office of United States Attorney, Scranton, PA, for United States of America.

Charles Witaconis, Esq., Ralph P. Carey & Associates, Scranton, PA, for Appellant.

Before: BARRY, CHAGARES and VANASKIE, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Kevin Coolbaugh appeals his sentence of 110 months' imprisonment following his conviction for a controlled substance offense. He argues that the District Court erred in classifying him as a career criminal offender. We will affirm.

I.

Because we write only for the parties, we discuss only the facts relevant to our analysis.

In November of 2005, Coolbaugh and twenty one others were indicted in connection with a methamphetamine operation that authorities began investigating in 1999. Coolbaugh pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute in excess of 500 grams of methamphetamine. Pursuant to the Sentencing Guidelines, the presentence report (PSR) classified Coolbaugh as a career offender because he had at least two prior felony convictions for a crime of violence, having received a sentence of twelve to twenty-four months' imprisonment for a 1991 conviction for resisting arrest, and a sentence of three-and-one-half to seven years' imprisonment for a 1996 robbery conviction.

Coolbaugh filed objections to the PSR, arguing, *inter alia,* that his prior conviction for resisting arrest did not constitute a crime of violence and, thus, did not con-

stitute a predicate offense for purposes of career offender classification. The District Court heard argument at a sentencing hearing at which Coolbaugh described his resisting arrest conviction as "a very minor offense[,]" and expressed skepticism that Congress "inten[ded] that resisting arrest would be treated" as a crime of violence. App. at 33. The government argued that Pennsylvania's resisting arrest statute includes the Guidelines' predicate "element of the use of force[,]" noting that Coolbaugh "apparently kicked one of the officers and there was physical force exercised." App. at 34.

The District Court rejected Coolbaugh's argument, but subsequently lowered his criminal history category, agreeing that his criminal history was over-represented. Having addressed both sides' arguments, and after granting a downward departure for substantial assistance, the Court sentenced Coolbaugh to 110 months' imprisonment and five years' supervised release.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Whether a particular crime constitutes a crime of violence for purposes of the Sentencing Guidelines is a question of law subject to plenary review. *See United States v. Stinson*, 592 F.3d 460, 462 n. 1 (3d Cir.2010). In the time since the parties in this appeal filed their briefs, *Stinson* resolved the sole issue before us. Our discussion, therefore, will be brief.

Under the Sentencing Guidelines, a defendant qualifies as a career offender for sentencing enhancement purposes if, *inter*

*alia*, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A state or federal offense punishable by more than one year in prison qualifies as a crime of violence if it either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) ... involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a). Whether a specific prior conviction qualifies as a career offender predicate offense requires the sentencing court to apply the categorical approach. *See Stinson*, 592 F.3d at 462 (citing *Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Specifically, "a court must ask 'whether the elements of the offense are of the type that would justify its [classification as a crime of violence].'" *Id.* (quoting *James v. United States*, 550 U.S. 192, 202, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)) (brackets in original).[1]

*Stinson* conducted just such an analysis of the Pennsylvania resisting arrest statute under which the appellant there, like Coolbaugh here, was convicted and subsequently classified as a career offender. Under Pennsylvania law:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person [1] creates a substantial risk of bodily injury to the public servant or anyone else, or [2] employs means justifying or requiring substantial force to overcome the resistance.

---

1. While a modified categorical approach is called for where only some elements of a statute would constitute crimes of violence, that approach is unnecessary here because, as discussed *infra*, Pennsylvania's definition of

resisting arrest meets the criteria of a crime of violence under the categorical approach. *See Stinson*, 592 F.3d at 462 (citing *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

18 Pa. Cons.Stat. Ann. § 5104. Reading this definition in light of U.S.S.G. § 4B1.2(a), we concluded that because its first prong "is 'conduct that presents a serious potential risk of physical injury to another,' ... [it] fits squarely within the definition of a crime of violence in the residual clause of U.S.S.G. § 4B1.2(a)(2)[.]" *Stinson*, 592 F.3d at 464. We also concluded that the statute's second prong proscribes "conduct that presents a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2(a)(2). Specifically, "resisting arrest necessarily involves confronting the authority of a police officer who is likely armed and charged with defending the public. Because the police officer is duty-bound to effectuate the arrest, the offense engenders a significant risk of conflict and, correspondingly, a significant risk of injury." *Stinson*, 592 F.3d at 465. Thus, under the categorical approach, Pennsylvania's resisting arrest statute—and the conduct it encompasses "in the ordinary case"—"is sufficiently 'purposeful, violent, and aggressive' to qualify as a crime of violence...." *Id.* at 466 (citing *Begay v. United States*, 553 U.S. 137, 145, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)).[2] Accordingly, we affirmed the district court's conclusion that Stinson's "prior conviction for resisting arrest[ quali-

fied as] a categorical crime of violence," and thereby qualified as a career offender predicate offense. *See id.* at 466–67.

In light of the foregoing, Coolbaugh's argument that the District Court erred in classifying him as a career offender fails. He argues that defining resisting arrest as a crime of violence pursuant to § 4B1.2 is "inconsistent" with the fact that resisting arrest is among those offenses—which he, but not the U.S.S.G., describes as "minor"—that § 4A1.2(c) excludes, in certain circumstances, when computing criminal history. But *Stinson* is clear that determining whether a conviction is a predicate offense turns on a *Taylor* categorical approach. It does not turn, as Coolbaugh urges, on an inquiry into the likelihood or "unlikel[ihood] that the Sentencing Commission would ... treat the offense of resisting arrest as a crime of violence under the Career Criminal Offender regulation[,]" simply because it is sometimes not counted for purposes of criminal history computation in another section of the Guidelines—i.e., § 4A1.2(c)(1). Appellant's Br. at 6, 8–9. Rather, *Stinson* expressly held that a Pennsylvania resisting arrest conviction is a crime of violence for purposes of career offender status. *See Stinson*, 592 F.3d at 466. Accordingly,

**2.** *Stinson* resolved another issue argued by Coolbaugh—namely, whether *Begay*'s holding that a felony DUI conviction is not a "violent felony" under the Armed Career Criminal Act, provides a basis for concluding that a Pennsylvania resisting arrest conviction is not a "crime of violence" for purposes of career offender classification. *Stinson* observed that *Begay* is instructive on the question, but rejected the conclusion that Stinson (and, here, Coolbaugh) urged:

> Justice Breyer's opinion in *Begay* provides needed clarity on the residual clause[—i.e., U.S.S.G. § 4B1.2(a)(2) ]. As explained there, the conduct falls within the residual clause if it poses a degree of risk that is similar to the degree of risk posed by the enumerated offenses (burglary of a dwell-

ing, arson, extortion or involves use of explosives), and is similar in kind to those offenses. *Begay* further explains that an offense is similar in kind to the enumerated offenses if it typically involves purposeful, violent, and aggressive conduct. This leads us to inquire whether the second specified conduct in the Pennsylvania resisting arrest statute, i.e., employing means justifying or *requiring substantial force to overcome the resistance*, involves purposeful, violent, and aggressive conduct.
>
> We conclude that it does.

*Stinson*, 592 F.3d at 465 (citing 18 Pa. Cons. Stat. Ann. § 5104; *Begay*, 553 U.S. at 145, 128 S.Ct. 1581) (internal alterations, quotation marks, and citations omitted).

Coolbaugh was properly classified as a career offender. We will affirm the judgment of sentence.